### BEAR MILL MFG. CO., Inc. v. UNITED STATES.

United States District Court
S. D. New York.

Oct. 7, 1950.

———◆———

Howie & Robertson, New York City, for plaintiff.

Irving H. Saypol, U. S. Atty., New York City, William F. Passannante, Asst. U. S. Atty., New York City, of counsel, for defendant.

GODDARD, District Judge.

Motion to dismiss the complaint for failure to state a claim for which relief can be granted on the ground that the court lacks jurisdiction of the subject matter.

The plaintiff seeks a refund of United States Income and Excess Profits Taxes for the year 1941. In 1942 the Commissioner of Internal Revenue assessed a deficiency in Income and Excess Profits Taxes for the year 1941 based on excessive salaries paid to plaintiff's stockholder officers.

In 1944 plaintiff filed with the Collector of Internal Revenue a claim for refund of United States Income and Excess Profits Taxes for the year 1941 based upon the payment by the plaintiff to the City of New York of additional New York City gross receipts taxes for the year 1941.

By letter [90 day letter] dated October 4, 1944, plaintiff was notified of the determination of deficiencies for 1941 and was advised that if he filed a petition to the Tax Court against the deficiency proposed, the issue set forth in his claim for a refund should be made a part of the petition to be considered by the Tax Court in any redetermination of its tax liability.

On December 26, 1944, taxpayer filed a petition with the Tax Court from the 90 day letter. The excessive salary issue was the only issue presented to the tax court in the petition. The Tax Court, in its opinion entered April 18, 1946, made no mention of the claimed overpayment of taxes and held

"That there are deficiencies in income and excess profits taxes for the year 1941 in the respective amounts of $3,734.02 and $10,-054.78". No appeal was taken from this decision and the deficiencies were paid by the taxpayer.

On December 3, 1946 the Commissioner of Internal Revenue notified the plaintiff by registered mail that the aforesaid claim for refund was disallowed in accordance with the provisions of Section 3772(a)(2) of the Internal Revenue Code, 26 U.S.C.A. § 3772 (a)(2).

It seems clear that Section 322(c) of the Internal Revenue Code, 26 U.S.C.A. § 322 (c), upholds the defendant's position that this complaint must be dismissed. This section reads in part as follows: "If the Commissioner has mailed to the taxpayer a notice of deficiency under section 272(a) and if the taxpayer files a petition with the Board of Tax Appeals within the time prescribed in such subsection, no credit or refund in respect of the tax for the taxable year in respect of which the Commissioner has determined the deficiency shall be allowed or made and *no suit * * * for the recovery of any part of such tax shall be instituted in any court * * *.*" [Italics supplied.]

The Court of Appeals for the Second Circuit in Elbert v. Johnson, 164 F.2d 421, 424, after stating that the purpose of Section 322(c) was to achieve finality in the determination by the Board of Tax Appeals of the taxpayer's liability for the year in suit, stated: "It is not the decision which the Tax Court makes but the fact that the taxpayer has resorted to that court which ends his opportunity to litigate in the District Court his tax liability for the year in question. Moir v. United States, 1 Cir., 149 F.2d 455, 460; Brooks v. Driscoll, 3 Cir., 114 F. 2d 426, 429. Hence it is immaterial that the issue sought to be litigated in the District Court was not presented to the Tax Court, or could not have been presented because based on subsequent events."

This is directly in point.

The complaint must be and is dismissed.

Settle order on notice.