**CITY BANK FARMERS TRUST COMPANY, as Trustee under agreement with Stockwell Reynolds Diaz-Albertini dated April 17, 1914, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

United States District Court
S. D. New York.
July 16, 1956.

922

Under section 911, it is not the litigation of the question in the Tax Court, but the very act of resorting to the Tax Court which raises the bar to a subsequent action in the District Court. Elbert v. Johnson, 2 Cir., 1947, 164 F.2d 421; Moir v. United States, 1 Cir., 1945, 149 F.2d 455; Bear Mill Mfg. Co., Inc. v. United States, D.C.S.D.N.Y.1950, 93 F.Supp. 988.

Nothing in section 7(c) of the Technical Changes Act of 1949, as amended by Public Law 761, 81st Congress, Second Session, 26 U.S.C.A. (I.R.C.1939) § 811 note, or in the accompanying Committee Reports, indicates that Congress intended to dilute the impact of section 911 of the Internal Revenue Code of 1939.

Mitchell, Capron, Marsh, Angulo & Cooney, New York City, for plaintiff, Carter T. Louthan, New York City, of counsel.

Paul W. Williams, U. S. Atty., for Southern Dist. of N. Y., New York City, for United States of America, Amos J. Peaslee, Jr., Asst. U. S. Atty., New York City, of counsel.

HERLANDS, District Judge.

This motion to dismiss for lack of jurisdiction over the subject-matter is granted.

Plaintiff-trustee, having petitioned the Tax Court to review the Commissioner's determination that the entire value of the trust was includible in the estate of the deceased settlor under sections 811(c) and 811(d) (2) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 811(c), (d) (2), is now barred from attempting to litigate the question of the inclusion of the trust in the settlor's estate in the District Court, under section 911 of the Internal Revenue Code of 1939, 26 U.S.C.A. § 911.