**ROSAMOND GIFFORD CHARITABLE CORPORATION, as Administrator with the Will annexed of the Estate of Rosamond Gifford, Deceased, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 6819.**

United States District Court
N. D. New York.

Dec. 9, 1958.

On Defendant's Request for Additional Findings Dec. 31, 1958.

240

Nottingham, Smith, Paltz & Coughlin, Hancock, Dorr, Ryan & Shove, Syracuse, N. Y., Allen B. Coughlin, Lewis C. Ryan, Raymond A. Hust, Joseph Murphy, Syracuse, N. Y., of counsel, for plaintiff.

Louis J. Lefkowitz, Atty. Gen. of New York, Herman F. Nehlsen, Asst. Atty. Gen., of counsel, as amicus curiae supporting plaintiff.

Theodore F. Bowes, U. S. Atty., Syracuse, N. Y., Kenneth P. Ray, Asst. U. S. Atty., Syracuse, N. Y., Victor A. Altman, Tax Division, Washington, D. C., of counsel, for defendant.

Mortimer M. Kassell, Attorney for State Tax Comm. of New York, Albany, N. Y., Miriam Wernick, Albany, N. Y., on the brief, as amicus curiae supporting defendant's contentions.

BRENNAN, Chief Judge.

This is an action to recover $2,128,-252.97 estate taxes alleged to have been illegally assessed against and collected from the estate of Rosamond Gifford, deceased.

The merits involve the single issue as to whether or not the residuary bequest and devise in the will of the deceased are allowable as a charitable deduction under the provisions of Sec. 812(d) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 812(d). The problem centers upon provisions of the will of the decedent which provide that the residue and remainder of her estate shall become the property of a corporation to be "created, managed and operated exclusively for religious, educational, scientific, charitable or benevolent uses". The issue arises by reason of the decision of the Commissioner of Internal Revenue that the use of the word "benevolent" as above, properly construed and applied, removes the corpus of the residue as an allowable deduction from the taxable estate.

A question of jurisdiction of this court is also raised by the defendant which is based upon two contentions. (1) That since plaintiff has petitioned the Tax Court to review a second deficiency assessment of estate taxes in this estate (not directly involved in this action), this court has lost jurisdiction under the provisions of Sec. 7422(e) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 7422(e); (2) That not having paid the second deficiency assessment, the plaintiff may not maintain this action. Flora v. United States, 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165.

The consideration of the above questions requires a factual background which was presented to the court by stipulations of facts received as exhibits and oral testimony presented upon the trial which was held before the court without a jury. The question of jurisdiction was actually raised by two procedures. The defendant, by formal notice of motion, moved for the dismissal of the complaint for lack of jurisdiction, the motion being returnable on May 9, 1958. The plaintiff filed answering affidavits and prior to the return date of the motion, it was agreed that all questions would be submitted to the court upon the trial of the action. Accordingly, the facts, especially as to jurisdiction, are understood to include those disclosed in the moving and opposing papers used upon the motion to dismiss since the trial record refers only briefly to said motion. A summary of the essential facts, gathered as above, is set out below.

Rosamond Gifford died testate on April 15, 1953, a resident of Oneida County, New York. Her only heirs were removed by at least five degrees of relationship or consanguinity. The will of the decedent was duly probated and eventually the present plaintiff was appointed

and is duly acting as the administrator with the will annexed of the estate of the deceased. An estate tax return was filed on January 7, 1955 in which the residuary estate in the value of $4,071,-543.43 was claimed as a charitable deduction as per the provisions of Sec. 812 (d) of the Internal Revenue Code of 1939. This claimed deduction is based principally upon the provisions of paragraph 7 of the will of the decedent which is set out in the footnote below.[1] In accordance with the provision of the will, above referred to, the Rosamond Gifford Charitable Corporation was organized on June 23, 1954 pursuant to the Membership Corporations Law of the State of New York, McKinney's Consol.Laws, c. 35. On August 1, 1956, the United States Treasury Department issued its ruling letter which in substance exempted the income of any bequests, legacies and transfers to said corporation as exempt from taxation under the provisions of the applicable statutes. After the transfer of the residuary funds of the estate to the corporation, it proceeded to function in accordance with the powers granted, the details of which are unnecessary at this time.

The estate tax, as computed by the taxpayer upon the basis of the return filed as above in the amount of approximately $400,000, was paid. On March 13, 1957, a statutory notice of deficiency in the tax return as filed, in an amount in excess of $2,000,000 was given to the plaintiff by the defendant and a pro-posed deficiency assessment in the amount of $1,858,246.16 plus interest was indicated. The deficiency, above referred to, and the proposed deficiency assessment arises by the refusal of taxing authorities to allow the residue of the estate of the decedent in the amount of $4,071,543.43 as a charitable deduction.

On March 15, 1957, the plaintiff executed a waiver of the restrictions upon assessment and collection of the said deficiency and same was thereafter assessed and demand for payment made. On March 29, 1957, the aggregate amount of the deficiency assessment was paid under protest to the District Director of Internal Revenue at Syracuse, N. Y. Claim for refund was made and after the lapse of over six months, without action, on the part of the Bureau of Internal Revenue, this action was commenced on October 22, 1957. Two days later on October 24, 1957, the claim for refund was disallowed by the District Director at Syracuse.

The above outline of facts principally concern the merits of this litigation. Additional facts follow which are particularly pertinent to the jurisdictional questions raised.

Under date of December 16, 1957 an additional or second notice of a deficiency in the estate taxes was mailed to the representatives of the estate of the above deceased. This notice followed the usual form which is generally referred to as a ninety-day letter. The deficiency, re-

---

1. "Seventh: All the rest, residue and remainder of my estate, of whatsoever kind and nature, and wheresoever situate, of which I may be seized or possessed, or to which I may be entitled at the time of my death, not hereby otherwise specifically disposed of, I hereby give, devise and bequeath to my trustees hereinafter named, and their successors, for the following uses and purposes, to-wit: To organize and create as soon as it can be done after my death, in accordance with the law, a corporation which shall be created, managed and operated exclusively for religious, educational, scientific, charitable or benevolent uses, which corporation shall be called the Rosamond Gifford Charitable Corporation, and the officers and directors or trustees of said corporation are hereby directed to invest my said residuary estate and to keep the same invested, and to collect and receive the income therefrom, and to expend the income therefrom for the general charitable purposes of said corporation. The officers, directors or trustees of said corporation shall have the right to employ and pay for the services of such persons, as said officers, directors or trustees may in their discretion deem necessary to carry out the purposes of said corporation."

ferred to therein, is in the amount of $303,707.11 and arises by reason of the disallowance of a credit for New York State inheritance taxes which had been previously allowed, anticipated by the assumption that such tax would be paid to the state, such indebtedness to the state being computed upon the basis that the residue of the estate was not an allowable deduction from the taxable estate as a charitable gift. This deficiency is referred to in the first notice in a somewhat different amount. (The amount is not in controversy here). It is recited therein that such deficiency may be eliminated by payment of the additional amount due the state and filing evidence of such payment with its bureau in accordance with Regulation 105, Sec. 81.9.

On March 10, 1958 the taxpayer filed a petition in the Tax Court alleging the pendency of this action, setting forth the facts and asserting that the Commissioner of Internal Revenue is in error in determining the maximum credit for New York estate taxes to which the estate is entitled under 813(b) Internal Revenue Code, 26 U.S.C.A. § 813(b). The petition prays that the asserted deficiency be expunged.

On April 8, 1958 an answer was filed in behalf of the Commissioner which denies error in the matter of the asserted deficiency.

The issues raised as above are pending undetermined in the Tax Court. The amount of the second alleged deficiency has not been paid. The additional estate tax which might be due the State by reason of the disallowance of the charitable gift has also not been paid.

The challenge to this court's jurisdiction will be first considered; the same will require a reference to the applicable statutes and an amplification of the facts as above stated.

The defendant relies upon the provisions of 26 U.S.C.A. § 7422(e) as ousting this court of the jurisdiction previously acquired. The pertinent provision of the section follows: "If the taxpayer files a petition with the Tax Court,

the district court * * * shall lose jurisdiction of taxpayer's suit to whatever extent jurisdiction is acquired by the Tax Court of the subject matter of the taxpayer's suit for refund".

Judicial precedents construing the above section lend no aid. The decisions of Handshoe v. Commissioner of Internal Revenue, 4 Cir., 252 F.2d 328 and the unreported memo on a motion for summary judgment in Cole v. Bookwalter, D.C.W.D.Mo., 170 F.Supp. 527, relied upon by defendant, are not comparable in the questions involved or in their factual backgrounds. Reliance must then rest upon the intent of the statute determined by its language and legislative history. The intent as so found must be applied to the particular facts of the instant case.

■ It seems obvious that the intent of the statute is to avoid a multiplicity of suits and to eliminate situations where the district court and the Tax Court may be said to have concurrent jurisdiction over the same subject matter. The language of the statute and the legislative history seem to disclose the above intention and to afford the opportunity to the taxpayer a choice of a single forum for his litigation. While the provisions of 26 U.S.C.A. § 912 grants broad powers to the Tax Court relative to a refund in the event of overpayment, the Government's argument that by reason thereof the Tax Court may determine the propriety of the allowance of the residue as a charitable deduction is rejected. Otherwise the limiting provision of the section under consideration would be without force. The problem is then reduced to a determination as to whether or not the subject matter of this action is embraced within the jurisdiction acquired by the Tax Court. Once again the facts are determinative.

The history and the purpose of the second deficiency assessment are disclosed in detail in the affidavit submitted by the plaintiff upon the motion to dismiss for lack of jurisdiction. It is not necessary to repeat same here. Both parties to this litigation understand

that by the disallowance of the charitable bequest claimed by the taxpayer, as evidenced in the first deficiency assessment; that the credit to be allowed for state inheritance tax paid in accordance with the provisions of 26 U.S.C.A. § 813(b) would lack final determination until the disposal of the plaintiff's action to recover the taxes paid under the first deficiency assessment. Both parties understand that under the provisions of 6501(a) of the Internal Revenue Code of 1954 the additional deficiency must be assessed within three years after the return was filed which would be on or before January 7, 1958 and that the time could not be extended because of the provisions of Sec. 6501(c) (4). Both parties also understand that in order to obtain credit for the state tax imposed, payment was required to be made and credit given therefor within four years after the filing of the return or on or before January 7, 1958 (813(b), I.R.C.). It is evident that the parties felt that this court had no power to extend the four year period, above mentioned, and that such an extension could only be obtained by filing a petition with the Tax Court. Howard v. United States, D.C., 40 F.Supp. 697 at page 705 & 706, affirmed 5 Cir., 125 F.2d 986.

Confronted as above, the parties conferred, the details of which are set forth in the affidavit above referred to. In substance, it was agreed that notice of the second deficiency assessment would be given relating only to the item of credit for state taxes. The plaintiff would file a petition in the Tax Court to review same. An answer would be filed and the matter held in the Tax Court pending the determination of the pending action in this court. We therefore can start with the conclusion that the parties to this litigation had no intention of ousting this court from jurisdiction by the procedure adopted in the matter of the second deficiency. All of the above is perhaps not determinative of the question but it is evident that the course followed represented the judgment of the litigants designed to assure them of as speedy a determination as possible of the real matter in litigation. The plaintiff urges that the problem was a real one, the existence of which was recognized by a proposed amendment to Sec. 813(b) of the statute.

■ The subject matter of the instant litigation and that embraced in the Tax Court proceeding seems to be capable of distinct separation. The single issue involved in the action here is whether or not the gift made by the decedent to the corporation to be formed is deductible as a charitable gift. The matter of a credit for state taxes imposed or to be imposed is not involved. This court is not concerned with that issue.

In the Tax Court proceeding, the legality of a credit for state taxes is alone involved. The problem seems to be a matter of computation only. If the taxpayer has paid the state tax within the allowable time period, then the Tax Court proceeding becomes moot. The problem in that court concerns the amount of credit which should be allowed on account of a state tax. At best, the charitable nature of the decedent's bequest is only indirectly involved. This court sees no warrant to extend the provisions of the statute so broadly as to include such an indirect issue.

This court is impressed that the proceeding in the tax court is a mere device to preserve the status quo until the main question is litigated in this court. The action taken in the matter of the proposed second deficiency seems to be one intended to protect the Commissioner rather than to actually obtain payment of the amount claimed in the deficiency. This statement is made for the reasons that if the action is decided favorably to the plaintiff in this court, then the second deficiency has no basis because the whole gift is non-taxable. If it is decided that the gift is in fact taxable, it cannot be assumed that the plaintiff's representatives acting in a fiduciary capacity would fail to make payment of the amount due to the State of New York and thereby obtain credit upon the federal tax which in turn would wipe out

the second assessment deficiency. The conclusion is reached that this court is not ousted of jurisdiction and that the motion to dismiss, upon the grounds referred to above, is denied.

■ The defendant next moves to dismiss the present action because the second proposed deficiency has not been paid and he relies upon the case of Flora v. United States, 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165. The circumstances of this case do not warrant the application of the doctrine of the Flora case. The ninety day letter of December 16, 1957 constitutes a notice of proposed action only. It is not an assessment and no such assessment has been made. To hold otherwise would place in the hands of the Commissioner the power to cause the dismissal of an action which is ready for trial by the simple expedient of giving notice of an additional proposed deficiency with no real expectation of payment.

Upon the merits, this decision need not go beyond the citation of the comparatively recent decision of Hight v. United States, 2 Cir., 256 F.2d 795 and a brief discussion of the principles of same as applied to the instant case. The many cases cited in the briefs submitted by the litigants and those interested in the result have not been overlooked but the guiding principles as outlined in the Hight case are so apparently applicable here that reference to such decisions is unnecessary.

■ As this court understands the Hight decision, it reiterates the well-recognized rule that the decision as to taxability or tax exemption rests in the federal courts. The decision then proceeds to hold that where the primary purpose of the testatrix was to insure that the gift made was to be used for charitable purposes, the exemption from taxation of such gift is not destroyed by the use of the word "benevolent" where the intention of the testatrix may be gathered from the language of the instrument and from such tangible evidence of that intent as may have been exhibited.

■ Applying that rule here, the language of the residuary paragraph itself is indicative. It is to be noted that the paragraph refers to the corporation to be formed as a charitable corporation and provides for the expenditure of the income from the estate residue ". . . . . . . for the general, charitable purpose of said corporation". Significant language is found in other provisions of the will. Paragraph Eleventh contains strong evidence of the testatrix' intent. Same appears in the footnote [2] below and it is noted that it provides in substance for the use of the residuary estate for the charitable purposes herein before mentioned to the ultimate benefit of humanity. The language of the will appears to be much stronger in its charitable intent than that found in the creating provisions of the will under consideration in the Hight decision. The intention of the decedent is further reiterated in paragraph Third of a codicil to the will, a portion of which is also quoted in the footnote below.[2]

Where an instrument is sufficient upon its face from which a determination of the intent of the testatrix may be determined, it is perhaps unnecessary to

2. "Eleventh. In this, my Will, I have not given any of my property to any of my living relatives, and it is not because I have not thought of them, but rather because of the greater need that all of my residuary estate be used for the charitable purposes hereinbefore mentioned and be the benefit to humanity which I desire and intend."

"Third. In order that there be no misunderstanding about my intention as set forth in Paragraph 'Seventh' of my aforesaid Last Will and Testament, I do hereby direct my trustees therein named and their successors, immediately upon the organization and creation according to law of the Rosamond Gifford Charitable Corporation, to give, devise and bequeath my entire residuary estate to the aforesaid Rosamond Gifford Charitable Corporation, for the uses and. purposes as set forth in my aforesaid Last Will and Testament * * *."

construe same by reference to tangible evidence bearing upon that subject. In the Hight decision however, reference was made to such tangible evidence and brief reference to same as it exists or is absent here will be made.

The Treasury Department ruling of August 1, 1956 and the listing of the plaintiff corporation as an exempt organization by the Treasury Department is some evidence indicating that even the taxing authorities, at the time of the issuance of the documents, considered that the bequest was exempt from federal estate taxation. Evidence as to "charitable" gifts to tax exempt institutions in the lifetime of the testatrix is slight in this case but in this court's opinion such fact is without great significance or weight. It involves a matter of speculation to determine the motive which prompts men to make or withhold charity. A person may well be a living miser for the express purpose of thereby becoming a greater charitable benefactor upon his death. The record contains no significant evidence as to the circumstances relating to the making of the will of the decedent or the drafting thereof. That same was drawn by an experienced attorney is plainly to be inferred as is the draftsman's familiarity with the many cases which hold that the words "charitable" and "benevolent" are often construed as synonymous. Hight v. United States, supra, 256 F.2d at page 798. In this case, there is no evidence of disclosure of the testatrix' wishes to the executors in the matter of the recipients of the benefits which would accrue from the residuary clause of the will. The court is not impressed that this in any way detracts from the intention which was so clearly expressed in the will. The manner in which the wishes of the deceased have been carried out is also mentioned in the Hight decision as a fact area from which clues as to the intent of the testatrix may be determined. The situation in that case was entirely different from that existing here. The executors were given the power to determine the institutions that were the ultimate recipients of the gifts. Here the expressed intention of the decedent is to create a corporation which should receive the fund and the income therefrom is to be expended for the general charitable purposes of said corporation. There is no evidence here that the income from the fund held by the corporation was diverted for purposes other than those in the plain contemplation of the will. All of the expenditures made by the trustees of the corporation were made to tax exempt institutions and for undisputed charitable purposes.

The stipulations of facts, heretofore filed as a part of the record in this case, are adopted as the court's findings and it is concluded that the plaintiff is entitled to judgment as demanded in the complaint, interest to be computed from March 29, 1957.

If other or additional findings or conclusions are deemed necessary by the litigants, same may be submitted within ten days from the date of the filing of this decision. Judgment is directed accordingly.

### On Defendant's Request for Additional Findings.

In accordance with the provisions of Rule 52(a), F.R.Civ.P. 28 U.S.C.A. and in accordance with the last paragraph of the previous decision herein, the defendant has submitted additional findings of fact for the consideration of the court. Plaintiff's attorneys, by memorandum in letter form, object to the proposed additional findings and the matter is before the court for consideration and decision. A short memorandum of explanation is deemed advisable.

Proposed Findings 1, 2 and 3 are evidentiary in character and the court is not impressed that same are necessary. The matters covered therein however are not in dispute and such findings will be made.

Proposed Finding 4 is again evidentiary in nature. The record relative thereto is not conclusive. The court is not impressed with the importance of the proposed finding and same will be

refused with the statement that no adverse inference was drawn because of the non-production of the tax returns referred to.

Proposed Finding 5 is refused as being contrary to the decision made.

Proposed Finding 6 is refused. As stated in the decision, it was the court's understanding that the matter of jurisdiction and the merits of the action would be considered upon all of the proceedings before the court. The question of jurisdiction was primarily raised by motion both prior to and at the opening of the trial. The affidavits bearing thereon were discussed in the argument of the motion and full opportunity was given to contradict any factual statements made therein. It seems clear that both parties understood the procedure followed.

Proposed Finding 7 is refused as there is no evidence in the record relative thereto. It probably is fairly inferable that the plaintiff was possessed of sufficient assets to make the payment referred to and the refusal is based principally upon the immateriality of the finding requested.

Proposed Finding 8 is made as requested since the record contains no evidence of the draftsman's personal identity. This finding is not intended in any way to affect any change in the discussion of the matter as contained in the original decision.

In order that no misunderstanding may arise, the findings in this litigation will consist of those contained in the body of the decision heretofore filed in accordance with Rule 52(a), F.R.C.P., with the specific findings referred to as contained in the stipulation of facts and in the additional findings herein granted. The additional proposed findings, filed with the Clerk on December 22, 1958, are made and refused in accordance with this memorandum, the original of which will be filed in the Clerk's office, and it is

So ordered.