**Frances COLE, Plaintiff,**

v.

**E. O. BOOKWALTER, District Director of Internal Revenue, and United States of America, Defendants.**

**No. 1311.**

United States District Court
W. D. Missouri,
Southwestern Division.

Jan. 11, 1958.

528

James Poynor, Joplin, Mo., for plaintiff.

Edward L. Scheufler, U. S. Atty., J. Whitfield Moody, Asst. U. S. Atty., Kansas City, Mo., for defendants.

RIDGE, District Judge.

On June 5, 1957, plaintiff commenced this action against E. O. Bookwalter, District Director of Internal Revenue and the United States of America. In Count I of the complaint, captioned "Petition for Debt," plaintiff seeks to recover certain money seized by defendant E. O. Bookwalter, Director, under an assessment made on November 23, 1956, for income taxes allegedly due and owing to the United States of America by plaintiff.

By Count II of the complaint, petitioner sought a mandatory injunction of this Court to compel the defendants "to release the levy upon the real estate of Frances Cole and to release the levy upon the banks and to require a release of any and all liens and levies against Frances Cole" as a consequence of a lien filed by defendant E. O. Bookwalter on the 23rd day of November, 1956, in the Recorder's Office, of Jasper County, Missouri.

The defendants jointly by answer joined issue in respect to all the allegations contained in plaintiff's complaint.

In the answer so filed the defendant United States of America made counterclaim against the plaintiff, alleging that on or about July 19, 1957, the Commissioner of Internal Revenue duly assessed, by way of a jeopardy assessment, income taxes against the plaintiff in the sum of $12,000, as the transferee of Charles N. Cole; that due notice of such deficiency of said assessment was given to plaintiff and demand for the payment thereof duly made. The counterclaim alleges "that no part thereof has been paid" and accordingly prays for a money judgment against the plaintiff in the sum of $12,000, plus interest as allowed by law.

At a pre-trial conference held herein, it was stipulated and agreed that on November 23, 1956, the plaintiff, Frances Cole, was not indebted to the United States of America for any delinquent taxes, "and that defendant acquired no valid lien upon the goods, chattels and real estate of Frances Cole by reason of the levy so made against her" on November 23, 1956. Hence it appeared from that situation, standing alone, plaintiff would be entitled to judgment against the defendant E. O. Bookwalter on Count I of her complaint, and entitled to a mandatory injunction compelling said defendant Bookwalter "to release notice of personal tax lien made against her on November 23, 1956, and filed for record in the office of the Recorder of Deeds for Jasper County, Missouri, on that date," but for the following further factual situation.

After plaintiff was entitled to have returned to her the sum of $11,604.10 as a consequence of the assessment and distraint made by defendant Bookwalter on November 23, 1956, and after demand for payment of said sum by plaintiff had been made against the defendants, the defendant United States of America, acting through the Commissioner of Internal Revenue, made a jeopardy assessment against plaintiff Frances Cole, on July 19, 1957, in the sum of $12,000, as transferee of Charles N. Cole, and due notice of such deficiency assessment was received by plaintiff on July 30, 1957. Pursuant to that jeopardy assessment, the United States of America now claims the right to withhold from plaintiff the sum of $11,604.10 that should have been returned to plaintiff as above. The defendants claim the right to withhold said sum from plaintiff solely by reason of the jeopardy assessment made on July 19, 1957, and notice letter sent to plaintiff.

The question now arises, whether this Court has jurisdiction of the counterclaim asserted by defendant United States of America, in light of the fact that after receiving the notice letter, supra, plaintiff, on August 15, 1957, filed in the Tax Court of the United States a petition for re-determination of the deficiencies as made by the Commissioner of Internal Revenue in his notice to plaintiff dated July 29, 1957. Said petition was received and filed in the Tax Court of the United States on September 9, 1957. The answer and counterclaim asserted by defendant United States of America was filed in this Court on September 5, 1957. It is the contention of the plaintiff that notwithstanding her resort to the Tax Court of the United States to have the levy of taxes made against her on July 19, 1957, re-determined, that fact does not militate against her right to proceed against defendants in this action under both counts of her complaint. It is defendants' contention that in light of the fact that plaintiff, within time allowed to her by law, filed a petition in the Tax Court of the United States for re-determination of the tax in respect to which the counterclaim filed by it applies, that this Court does not now have jurisdiction of the subject matter of said counterclaim and that its counterclaim, as well as the claim of the plaintiff, should be dismissed.

Under the facts aforesaid, it must be noted that plaintiff's claim against the defendants relates to a deficiency assessment and levy made against her on November 23, 1956; and, that the counterclaim of the United States of America relates to a jeopardy assessment made

against plaintiff on July 19, 1957. Hence two separate and distinct levies and lien for taxes are thus involved.

■ Under the stipulations made at pre-trial conference plaintiff "is now entitled to a mandatory decree of this Court, directing the defendants to release notice of personal tax lien made against plaintiff on November 23, 1956, and filed for record in the office of the Recorder of Deeds for Jasper County, Missouri, on that date." In light of that stipulation, of course, the second count of plaintiff's complaint cannot be dismissed as defendants suggest.

■ However, in respect to plaintiff's claim for refund of taxes as made in Count I of the complaint, it is manifest from the facts stipulated, that this Court cannot determine the claim for refund as there asserted, until the claim for deficiency taxes made against plaintiff on July 19, 1957, is determined, whether by this Court or by the Tax Court of the United States.

■ As to which Court can now make such latter determination, the mandate of Section 7422 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 7422 must be considered. Under said section of the I.R.C. it is made manifest that where a notice of deficiency has been given to a taxpayer in respect of the tax which is the subject matter of a taxpayer's suit, the proceedings in the taxpayer's suit shall be stayed during the period of time in which the taxpayer may file a petition with the Tax Court for a re-determination of the asserted deficiency, and for sixty days thereafter. In the case at bar, plaintiff filed with the Tax Court a petition for re-determination of the tax claim made against her pursuant to the jeopardy assessment under date of July 19, 1957. Upon the filing of such petition in the Tax Court, this United States District Court lost all jurisdiction, if it ever had any, of plaintiff's claim for refund under the jeopardy assessment made against her on July 19, 1957, at least to the extent that jurisdiction was "acquired by The Tax Court of the subject matter of (plaintiff's) suit for refund" under Section 7422, supra. As a consequence of that provision of Section 7422, supra, this Court cannot now determine plaintiff's claim for refund of taxes as asserted in Count I of her complaint until after a determination is made by the Tax Court of the United States of the claim for taxes asserted by United States of America in its counterclaim which is the subject matter of the deficiency assessment made on the 19th day of July, 1957, as to which jurisdiction the re-determination thereof is now lodged in the Tax Court of the United States.

In the instant proceeding, plaintiff does not join issue with defendant United States of America, or invoke the jurisdiction of this Court to make any re-determination of the deficiency tax levied against her on July 19, 1957, by the Commissioner of Internal Revenue. In her reply to that defendant's counterclaim, plaintiff alleges "that the plaintiff did file, within the 90-day period after the notice of deficiency was received, to-wit: on the 15th day of August, 1957, with the Clerk of the Tax Court of the United States, a petition for re-determination which is yet pending before the Tax Court of the United States and bears Docket Number 69586."

Therefore, it is manifest that under Section 7422, supra, this Court does not have, and cannot acquire, any jurisdiction to make any re-determination in respect to the tax assessment made against plaintiff on July 19, 1957, and that the Tax Court of the United States is singularly vested with jurisdiction of that matter.

Therefore, It Is Ordered, Adjudged and Decreed by the Court as follows:

Defendant E. O. Bookwalter is directed to forthwith file a release of the "lien upon the goods, chattels and real estate of the plaintiff, Frances Cole, pursuant to the personal lien for taxes made against her on November 23, 1956," and file a copy thereof in the Office of the Recorder of Deeds of Jasper County, Missouri.

It Is Ordered by the Court that plaintiff's claim for refund of taxes as set forth in Count I of the complaint be, and the same is hereby, stayed until determination by the Tax Court of the United States of the re-determination proceedings pending in that Court, bearing Docket Number 69586. If plaintiff is successful in said action and refund is therein directed, it may be that plaintiff will have a claim for interest under Count I against the defendant United States of America which cannot be litigated before the Tax Court of the United States in the above proceeding.

Defendants' counterclaim herein should be, and the same is hereby, dismissed.

It is so ordered.