James A. AVERY, As Receiver in Supplementary Proceedings of the E. C. Brown Company, Canandaigua, New York, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. No. 8387.

United States District Court
W. D. New York.

Oct. 25, 1965.

---

Frederick Thompson, Rochester, N. Y., for plaintiff.

John T. Curtin, U. S. Atty., for defendant; Louis F. Oberdorfer, Asst. Atty. Gen., C. Moxley Featherston, John B. Jones, Jr., Burton G. Lipsky, Attys., Dept. of Justice, of counsel.

BURKE, Chief Judge.

By order dated May 10, 1961, James A. Avery, Receiver in Supplementary Proceedings of The E. C. Brown Company, was substituted as plaintiff in place of The E. C. Brown Company.

This is an action for refund of income taxes and excess profits taxes, plus interest, allegedly paid for the fiscal years ended August 31, 1945 and August 31, 1947.

The facts have been fully reported in the consolidated cases of Bullock v. Commissioner and The E. C. Brown Company v. Commissioner, 26 T.C. 276, affirmed 2 Cir., 253 F.2d 715. The E. C. Brown Company on August 31, 1947, transferred velocipede machinery to Velo-King, Inc. in exchange for debenture bonds and then transferred the bonds to its principal stockholder, Giles E. Bullock, in exchange for capital stock of The E. C. Brown Company. This was intended to be a nontaxable reorganization under Section 112 of the Internal Revenue Code of 1939, in which no gain or loss would be realized by any of the participants. The transactions were so treated by The E. C. Brown Company and Bullock for tax purposes. Neither of them reported any gain or loss on their returns for 1947. The Commissioner of Internal Revenue contested the issue as against Bullock, claiming that the reorganization did not meet the requirements of the statute. The Tax Court upheld the Commissioner.

The Commissioner also assessed a deficiency against The E. C. Brown Company for the same year, but in a separate proceeding and on a different issue. The issue in that proceeding related to the amount of obsolescence taken on the machinery prior to its transfer to Velo-King, Inc. The obsolescence issue was also contested in the Tax Court. On this issue also the Tax Court sustained the position taken by the Commissioner. When the Tax Court determination became final, The E. C. Brown Company filed its claim for refund with the Commissioner. When the claim was rejected, it commenced this action.

The claims in this suit are: that because the Tax Court disallowed the $112,930.09 obsolescence deduction for 1947 in The E. C. Brown Company case, and held in the Bullock case that the reorganization was taxable. The E. C. Brown Company incurred a $140,180.71 loss on the sale of the machinery to Velo-King, Inc. in 1947, which loss is deductible in 1947, and that this loss further creates a net operating loss for 1947 which the taxpayer (The E. C. Brown Company) claims it is entitled to carry back to 1945.

In addition to the disallowance of obsolescence in 1947 there was also a disallowance of obsolescence on the same machinery in 1946. It is the combination of the disallowance of $27,060.62 in 1946 and the disallowance of $112,930.09 in 1947 which is the basis for the claimed operating loss of $140,180.71. The tax deficiency of $18,036.50 arising out of the disallowance in 1946 has been paid in full.

There is no issue of fact to be resolved in this action. All of the material facts are set forth in the Tax Court decision and in the claim for refund filed with the Commissioner.

Both plaintiff and defendant have moved for summary judgment. The motions were submitted upon briefs.

■ The filing of a petition in the Tax Court by The E. C. Brown Company regarding its tax liability for the year 1947 deprives this court of jurisdiction to entertain any suit by The E. C. Brown Company seeking a determination as to its tax liability for the year 1947. Sec. 6512(a), Internal Revenue Code of 1954. Empire Trust Co. v. United States, 324 F.2d 507 (2 Cir.), affirming 214 F.Supp. 731, 734. Elbert v. Johnson, 164 F.2d 421 (2 Cir.).

■ The plaintiff claims that The E. C. Brown Company is entitled to the benefits of Section 1311 et seq. of Title 26, U.S.C. These sections deal with the mitigation of effect of limitations and other provisions. The provisions of these sections were designed to mitigate the effect of the Statute of Limitations and other similar provisions such as res judicata and estoppel, where an item or transaction is treated differently from the way it was treated with respect to the taxpayer in another year. Under these provisions a taxpayer may claim a refund for a barred year where the correct result is given effect in an open year by a determination, and that correct result is inconsistent with the treatment of the item in a barred year.

Treasury Regulations on Income Tax (1954 Code), 26 C.F.R., Section 1.1311 (a)1 has so construed them. The section provides:

"(a) Part 11 (section 1311 and following), subchapter Q chapter 1 of the Code, provides certain rules for the correction of the effect of an erroneous treatment of an item in a taxable year which is closed by the statute of limitations or otherwise, in cases where, in connection with the ascertainment of the tax for another taxable year, it has been determined that there was an erroneous treatment of such item in the closed year."

In this case the taxpayer claims that the determination of the Tax Court in E. C. Brown Company v. Commissioner, 26 T.C. 276, viz., that The E. C. Brown Company was not entitled to the obsolescence deduction in 1947 on certain velocipede machinery, increased the basis of the velocipede machinery by the amount of disallowed obsolescence. The taxpayer further claims that the Tax Court determination in the Bullock case, viz., that the distribution of Velo-King debentures in exchange for 352 shares of Bullock's common stock was a taxable exchange, is also a determination that the transfer of the velocipede machinery to Velo-King in exchange for the debentures in 1947, was a taxable exchange because both transfers were part of a reorganization. The taxpayer then claims that as a result of the first determination, the taxpayer incurred a loss in 1947 on the transfer of the velocipede machinery, and as a result of the second determination this loss was a taxable loss in 1947. The year of the alleged erroneous treatment by the taxpayer is also 1947. The taxpayer states that in 1947 it failed to claim a taxable loss on its 1947 return because it erroneously failed to recognize any gain or loss in 1947 because it treated the transfer as part of a nontaxable reorganization. Thus it is clear that the taxpayer is claiming the benefit of Section 1311 et seq. where both the year of determination and the year of the alleged erroneous treatment is the same year, viz., 1947.

■■ Section 1311 et seq. are inapplicable to the present case. The only purpose of Section 1311 et seq. is to allow for the correction of an error in a closed taxable year after an inconsistent determination has been made in another taxable year.

■ Since the carry back loss claim for 1945 is completely dependent on an

adjudication of loss for 1947, that claim must also fail.

The plaintiff urges the doctrine of equitable recoupment as a basis of recovery. Since this court has no jurisdiction, this claim for recovery must also fail.

It is hereby adjudged that the complaint is dismissed on the merits.