**Rose A. HOLZER and Kellogg-Citizens National Bank of Green Bay, Wisconsin, Executor of the Estate of Joseph B. Holzer, Deceased, Plaintiffs-Appellants,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 15630.

United States Court of Appeals Seventh Circuit.

Oct. 5, 1966.

Paul P. Lipton, Milwaukee, Wis., Evrard, Evrard, Duffy, Holman & Faulds, Green Bay, Wis., of counsel, for appellants.

Mitchell Rogovin, Asst. Atty. Gen., Anthony Z. Roisman, Atty., Dept. of Justice, Washington, D. C., James B. Brennan, U. S. Atty., Milwaukee, Wis., Lee A. Jackson, Melva M. Graney, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before KNOCH, CASTLE and SWYGERT, Circuit Judges.

PER CURIAM.

The plaintiffs-appellants, Rose A. Holzer and Kellogg-Citizens National Bank of Green Bay, Wisconsin. Executor of the Estate of Joseph B. Holzer, deceased, brought this action in the United States District Court to recoup a barred overpayment of estate tax against income taxes asserted and assessed subsequent to the death of the decedent.

Because of the later assessment and payment of income tax deficiencies, the earlier payment of estate tax proved to

be in excess of the ultimate liability. Refund of this overpayment of estate tax had been barred by operation of the statute of limitations, Title 26 U.S.C.A. § 910, 1939 Code. The government contended that the plaintiffs were foreclosed from recovery of a refund of additional income taxes assessed, as sought by them under the doctrine of equitable recoupment in the District Court action, by Title 26 U.S.C.A. § 322(c) which provides that if the Commissioner has mailed to the taxpayer a notice of deficiency and if the taxpayer files a petition with the Tax Court of the United States (as the plaintiffs did here) then "no credit or refund in respect of the tax for the taxable year in respect of which the Commissioner has determined the deficiency shall be allowed or made and no suit by the taxpayer for the recovery of any part of such tax shall be instituted in any court  *  *  * "

This appeal has been taken from the District Court's order and judgment entered pursuant to grant of the defendant's motion to dismiss the action for lack of jurisdiction.

This Court has studied the record of the case transmitted to this Court by the District Court, and has had the benefit of briefs filed on behalf of the respective parties, in addition to oral argument of counsel.

 After careful consideration, having taken the appeal under advisement for decision, and having conferred thereon, this Court has reached the same conclusions as the learned District Judge whose opinion, published at 250 F.Supp. 875, this Court now adopts as its own.

In oral argument, the plaintiffs-appellants advanced a supplementary alternative argument not presented to the District Court and submitted written authorities in support thereof. It is contended that the instant action was authorized under the exception set forth in § 322(c) (2) which allows recovery of any amount collected in excess of the amount computed in accordance with the decision of the Tax Court which has become final. The plaintiffs-appellants argue that in failing to allow credit for the overpayment of estate tax against the income tax liability determined by the Tax Court and by accepting cash payment of the full liability determined by the Tax Court, the Commissioner has collected an amount in excess of that liability as determined by the Tax Court.

We find this argument unconvincing. We agree with the finding of the District Judge that the facts of this case do not bring it within any of the expressly stated exceptions to § 322(c).

The judgment of the District Court is affirmed.

Affirmed.