EMMA R. DORL, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 6392–71. Filed March 6, 1972.

Emma R. Dorl, pro se.
*Frank J. Smith*, for the respondent.

#### OPINION

DAWSON, *Judge:* On December 15, 1971, the petitioner filed a "Motion for Removal of Case to U.S. District Court" and a memorandum of points and authorities. The motion was served upon respondent and set for hearing at Newark, N.J., on February 7, 1972. On that date the arguments of both parties were heard.

The pertinent facts regarding the motion are as follows: Income tax of $116.32, reported but unpaid on petitioner's Federal income tax return for the year 1969, was paid in full by check on April 10, 1971, after the petitioner received a letter dated April 8, 1971, from a revenue officer concerning the delinquency in payment. On June 17, 1971, the respondent sent a notice of deficiency to petitioner which determined an income tax deficiency of $291.54 for the year 1969. Such amount was decreased by a subsequent report mailed to the petitioner

on September 3, 1971. The notice of deficiency is based upon the disallowance of part of a claimed foreign tax credit and part of a retirement income credit, both for lack of substantiation. On September 13, 1971, the petitioner filed her petition in this Court requesting a redetermination of the deficiency and demanding a trial by jury. Respondent filed his answer to the petition on December 15, 1971, after having obtained an extension of time. Also on December 15, 1971, petitioner filed with the Court her motion to remove this case to the U.S. District Court for the District of New Jersey (Newark).

Where, as here, a taxpayer receives a notice of an income tax deficiency and files a timely petition with the United States Tax Court, he gives the Tax Court exclusive jurisdiction. See sec. 6512(a), I.R.C. 1954.[1] Thereafter, a refund suit in the U.S. District Court for the same tax and the same taxable year is barred. The mere filing of the petition in the Tax Court is enough to deprive a U.S. District Court of jurisdiction for years as to which the petition was filed. See *United States* v. *Wolf*, 238 F. 2d 447 (C.A. 9, 1956); *Brooks* v. *Driscoll*, 114 F. 2d 426 (C.A. 3, 1940); *American Woolen Co.* v. *White*, 56 F. 2d 716 (C.A. 1, 1932); *Avery* v. *United States*, 247 F. Supp. 611 (D. N.Y. 1965); *McDonald* v. *United States* (M.D. Tenn. 1966, 18 A.F.T.R. 2d 5215, 66-2 U.S.T.C. par. 9516); *Roberts* v. *Commissioner* (D.S.C. 1971, 28 A.F.T.R. 2d 71-5562, 71-2 U.S.T.C. par. 9625). This is the rule even where the Tax Court petition was dismissed, *Fiorentino* v. *United States*, 226 F. 2d 619 (C.A. 3, 1955), or the issue sought to be litigated was not presented in the Tax Court, *Bear Mill Mfg. Co.* v. *United States*, 93 F. Supp. 988 (S.D.N.Y. 1950). It is significant that it is the taxpayer's action in filing a valid petition in the Tax Court, under circumstances which give the Tax Court jurisdiction, and not any action taken by the Court, that bars a subsequent refund

---

[1] SEC. 6512. LIMITATIONS IN CASE OF PETITION TO TAX COURT.

(a) EFFECT OF PETITION TO TAX COURT.—If the Secretary or his delegate has mailed to the taxpayer a notice of deficiency under section 6212(a) (relating to deficiencies of income, estate, gift, and chapter 42 taxes) and if the taxpayer files a petition with the Tax Court within the time prescribed in section 6213(a), no credit or refund of income tax for the same taxable year, of gift tax for the same calendar year or calendar quarter, of estate tax in respect of the taxable estate of the same decedent, or of tax imposed by chapter 42 with respect to any act (or failure to act) to which such petition relates, in respect of which the Secretary or his delegate has determined the deficiency shall be allowed or made and no suit by the taxpayer for the recovery of any part of the tax shall be instituted in any court except—

(1) As to overpayments determined by a decision of the Tax court which has become final; and

(2) As to any amount collected in excess of an amount computed in accordance with the decision of the Tax Court which has become final; and

(3) As to any amount collected after the period of limitation upon the making of levy or beginning a proceeding in court for collection has expired; but in any such claim for credit or refund or in any such suit for refund the decision of the Tax Court which has become final, as to whether such period has expired before the notice of deficiency was mailed, shall be conclusive.

suit in the U.S. District Court. *Elbert* v. *Johnson*, 164 F. 2d 421, 424 (C.A. 2, 1947); *Holzer* v. *United States*, 250 F. Supp. 875 (E.D. Wis. 1966), affd. 367 F. 2d 822 (C.A. 7, 1966).[2]

It is now a settled principle that a taxpayer may not unilaterally oust the Tax Court from jurisdiction which, once invoked, remains unimpaired until it decides the controversy. See *Main-Hammond Land Trust*, 17 T.C. 942, 956 (1951), affd. 200 F. 2d 308 (C.A. 6, 1952); *United States* v. *Shepard's Estate*, 196 F. Supp. 281, 284 (N.D. N.Y. 1961), affirmed as modified on other issues 319 F. 2d 699 (C.A. 2, 1963); and *Nash Miami Motors, Inc.* v. *Commissioner*, 358 F. 2d 636 (C.A. 5, 1966), affirming a Memorandum Opinion of this Court.

Accordingly, we conclude that petitioner's motion to remove this case to the U.S. District Court must be denied.[3]

There is no merit to petitioner's request for a jury trial in the Tax Court. See *Wickwire* v. *Reinecke*, 275 U.S. 101, 105 (1927); *Phillips* v. *Comissioner*, 283 U.S. 589, 599, fn. 9 (1931); and *Olshausen* v. *Commissioner*, 273 F. 2d 23, 26–27 (C.A. 9, 1959), affirming in part a Memorandum Opinion of this Court. The provisions of the Internal Revenue Code of 1954, as amended by the Tax Reform Act of 1969, concerning trials before the United States Tax Court, remain unchanged. Consequently, we hold that the petitioner is not entitled to a jury trial in this Court.

*An appropriate order will be entered.*

---

[2] It should be noted that under sec. 7422(e), I.R.C. 1954, if a taxpayer files suit in the District Court for a refund and then files a petition in the Tax Court after receiving a deficiency notice covering the same year, the District Court loses jurisdiction. See *Cole* v. *Bookwalter*, 170 F. Supp. 527 (W.D. Mo. 1958); *Military Order of the Purple Heart* v. *United States* (C.D. Cal. 1971, 28 A.F.T.R. 2d 71–5189, 71–2 U.S.T.C. par. 9587).

[3] In *Charles W. Jamieson*, docket No. 252–71, the petitioner moved for a change of venue to the U.S. District Court. The motion was denied by this Court and the petitioner appealed. On July 27, 1971, the Court of Appeals for the Seventh Circuit entered an order which reads, in part, as follows:

"IT IS ORDERED AND ADJUDGED by this Court that this appeal from an order of the Tax Court of the United States be and the same is hereby dismissed with costs in that said appeal is prematurely taken from an order which is not a final or appealable order, but without prejudice, however, to the right of the appellant to eventually seek a review of the order in question, should he so desire, at such time as the proceeding may be brought to this Court from a final decision or appealable order."