ESTATE OF RICHARD H. RACKETT, ROBERT C. FINLEY, EXECUTOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Rackett v. Commissioner
Docket No. 1837-75.
United States Tax Court
T.C. Memo 1976-117; 1976 Tax Ct. Memo LEXIS 284; 35 T.C.M. (CCH) 530; T.C.M. (RIA) 760117; April 19, 1976, Filed David R. Calvert, for the petitioner. Jeff P. Ehrlich, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT *285 AND OPINION FAY, Judge: Respondent determined a deficiency of $2,267.52 in the Federal estate tax of petitioner and, under section 6651(a)(1), Internal Revenue Code of 1954, as amended, [1] an addition to tax of $566.80. We must decide (1) if the value of petitioner's assets as determined upon audit was excessive; (2) if the addition to tax in the amount of $566.80 was determined arbitrarily; and (3) if the determination in issue was foreclosed by respondent's previously having assessed and collected under section 6651(a)(1), an addition to the Federal estate tax of petitioner computed wholly with reference to the tax liability shown on the Federal estate tax return which was filed. FINDINGS OF FACT Robert C. Finley is the executor of the Estate of Richard H. Rackett. His residence was in Colorado when the petition herein was filed. Richard H. Rackett died on December 9, 1968. On March 8, 1973, a Federal estate tax return was filed with the Internal Revenue Service at Ogden, Utah. On the return a taxable estate of $74,396.81 was *286 reported, and an estate tax liability of $13,255.93 was shown. Section 6651(a)(1) imposes an addition to Federal estate tax in the event of a failure to file a return on or before the date prescribed unless such failure is due to reasonable cause and not due to willful neglect. On the ground that the return filed on March 8, 1973, was not timely, respondent assessed under section 6651(a)(1), an addition to tax computed wholly with reference to the tax liability shown on the return. Payment was made by a check payable to the Internal Revenue Service, which bore the notation that the payment was made "as satisfaction in full for any and all claims against the Estate of Richard H. Rackett." Subsequently, respondent determined a deficiency in the Federal estate tax of petitioner. Statutory notice of this deficiency and of an addition to tax computed wholly with reference to it under section 6651(a)(1), was mailed to Robert C. Finley on December 2, 1974. OPINION The first issue presented is whether respondent valued certain of petitioner's assets excessively in determining the deficiency at issue herein. At trial petitioner presented no evidence pertaining to the value of these *287 assets. We must therefore hold respondent's determination to have been correct. Welch v. Helvering,290 U.S. 111 (1933). The second issue presented is whether the addition to tax of $566.80 set forth in the statutory notice was arbitrarily determined. The addition to tax in issue was determined under section 6651(a)(1)[2] which provides for additions to tax in instances where returns are not timely filed, unless such failures are due to reasonable cause and not due to willful neglect. In this case the Federal estate tax return was not filed on or before the date prescribed *288 by law. [3] Petitioner has introduced no evidence tending to explain this failure. We therefore hold that the addition to tax in issue was properly determined. Welch v. Helvering,supra.
Prior to mailing the statutory notice of the deficiency and addition to tax in issue, respondent assessed an addition to tax under section 6651(a)(1). The addition was computed wholly with reference to the tax liability shown on the return which was filed on March 8, 1973. Payment was made by check bearing the notation "as satisfaction in full for any and all claims against the Estate of Richard H. Rackett." Petitioner contends that the assessment and collection of the addition to tax computed with reference to the tax liability shown on the return foreclosed respondent's subsequent determination of the deficiency and addition to tax set forth in the stautory notice. The procedure employed by respondent in this instance is authorized by section *289 6659, which provides: (a) Additions Treated as Tax.--Except as otherwise provided in this title-- (1) The additions to the tax * * * provided by this chapter * * * shall be assessed, collected, and paid in the same manner as taxes; * * *
(b) Procedure for Assessing Certain Additions to Tax.--For purposes of subchapter B of chapter 63 (relating to deficiency procedures for * * * estate * * * taxes), subsection (a) shall not apply to any addition to tax under section 6651 * * *; except that it shall apply-- (1) in the case of an addition described in section 6651, to that portion of such addition which is attributable to a deficiency in tax * * * Respondent, moreover, cannot have been bound by the notation on the check with which payment was made of the addition to tax assessed prior to the mailing of the statutory notice. For were respondent to have been bound, it would have to have been by a closing agreement complying with section 7121(a). [4] Cf. Dorl v. Commissioner,507 F.2d 406 (2d Cir. 1974), affg. per curiam 57 T.C. 720 (1972). [5]
*290 We therefore hold that respondent was not foreclosed from determining the items in issue because prior to mailing the statutory notice in which they were set forth, he assessed and collected an addition to tax imposed under section 6651(a)(1) and computed wholly with reference to the tax liability showing on the return filed on March 8, 1973. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. SEC. 6651. FAILURE TO FILE TAX RETURN OR TO PAY TAX. (a) Addition to the Tax.--In case of failure-- (1) to file any return required * * * on the date prescribed therefor * * * unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate;↩
3. SEC. 6075. TIME FOR FILING ESTATE AND GIFT TAX RETURNS. (a) Estate Tax Returns.--Returns made under section 6018(a) (relating to estate taxes) shall be filed within 15 months after the date of the decedent's death.↩
4. SEC. 7121. CLOSING AGREEMENTS. (a) Authorization.--The Secretary or his delegate is authorized to enter into an agreement in writing with any person relating to the liability of such person (or of the person or estate for whom he acts) in respect of any internal revenue tax for any taxable period. ↩
5. We note at this juncture that if petitioner intended by the petition herein to raise matter constituting an estoppel, it has failed to sustain its burden in respect of this issue, not having demonstrated detrimental reliance. Bornstein v. United States,345 F.2d 558, 563↩ (Ct. Cl. 1965).