OLIVER LEE REINERTSON AND MEREDITH VIRGINIA REINERTSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Reinertson v. Commissioner
Docket No. 10186-75
United States Tax Court
T.C. Memo 1977-130; 1977 Tax Ct. Memo LEXIS 309; 36 T.C.M. (CCH) 564; T.C.M. (RIA) 770130; May 4, 1977, Filed *309 Oliver Lee Reinertson, pro se. James D. Vandever, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined a deficiency of $1769.84 in petitioners' Federal income tax for the year 1973. We are called upon to decide a variety of constitutional questions relating to the asserted deficiency. FINDINGS OF FACT The petitioners, Oliver Lee and Meredith Virginia Reinertson, resided in Newport Beach, California, at the time of filing the petition herein. During 1973 petitioner, Oliver L. Reinertson, was employed in auto sales, and Meredith V. Reinertson was a teacher. Respondent has disallowed the following deductions claimed on the petitioners' 1973 income tax return in the amounts indicated: Amount
Amount
Amount
Claimed
Allowed
Disallowed
Contributions
$1955.00
$320.00
$1635.00
Medical Expenses
1735.00
-0-
1735.00
Business Expenses
7583.00
-0-
7583.00
Petitioner Oliver L. Reinertson appeared and testified that his records had either been lost or destroyed. No documentary evidence relating to the year in issue was introduced at the trial, petitioners instead relying *310 on a variety of constitutional defenses. However, the record includes a chart containing an "eight year average" of comparable deductions petitioners took on their Federal income tax return for the years 1966 to 1973. OPINION Petitioners contend that requiring them to substantiate their deductions would violate their fifth amendment rights. Additionally, they contend that they are entitled to a jury trial under the seventh amendment, and that the graduated income tax is unconstitutional. We have previously held that requiring petitioner to substantiate his deductions under circumstances like those before us does not violate the fifth amendment. Roberts v. Commissioner,62 T.C. 834 (1974). It is well settled that the graduated income tax imposed by the Internal Revenue Code is consistent with the Constitution. Brushaber v. Union Pac. R. Co.,240 U.S. 1 (1916). We have also held that the seventh amendment to the Constitution does not require a jury trial in this Court. Swanson v. Commissioner,65 T.C. 1180 (1976); Dorl v. Commissioner,57 T.C. 720 (1972), affd. per curiam 507 F. 2d 406 (2nd Cir. 1974). *311 Petitioners also assert that the inability to redeem currency in gold or silver deprives it of its status as income under the Internal Revenue Code. The courts have considered this issue extensively in recent years and uniformly decided this question against petitioners. Gajewski v. Commissioner,67 T.C. 181 (1976). See also United States v. Schmitz,542 F. 2d 782 (9th Cir. 1976); Cupp v. Commissioner,65 T.C. 68 (1975), on appeal (3d Cir. July 26, 1976). Petitioners have declined to offer any substantiation, instead preferring to rest on their constitutional arguments. However, petitioners have the burden of proving that the respondent's determination is incorrect. Welch v. Helvering,290 U.S. 111 (1933); Rule 142, Tax Court Rules of Practice and Procedure. Something more than petitioners' bare assertion that his return is correct is required to sustain this burden. Roberts v. Commissioner,supra.We therefore sustain respondent's determination. Decision will be entered for the respondent.