K. KENNETH WESTCOTT and JUDITH E. WESTCOTT, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Westcott v. Commissioner
Docket Nos. 13674-78, 13675-78, 13730-78.
United States Tax Court
T.C. Memo 1980-144; 1980 Tax Ct. Memo LEXIS 439; 40 T.C.M. (CCH) 265; T.C.M. (RIA) 80144; April 28, 1980, Filed *439 Ps filed a motion to dismiss for lack of jurisdiction on the ground that under the U.S. Constitution, the Congress was not permitted to entrust to this Court jurisdiction over matters arising under the Federal tax laws. They offered no evidence to refute the deficiencies determined by the Commissioner. Held, motion denied since by invoking the jurisdiction of this Court, Ps waived the right to assert that such jurisdiction was unconstitutionally entrusted to the Court, and since, in any event, there is no merit to Ps' constitutional argument. Held, further, the deficiencies are sustained since Ps failed to carry their burden of proving that they were incorrect. K. Kenneth Westcott and Judith E. Westcott, pro se. Thomas G. Hodel, for the respondent. SIMPSON
MEMORANDUM OPINION SIMPSON, *440 Judge: The Commissioner determined the following deficiencies in, and additions to, the petitioners' Federal income taxes: Additions to Tax
Sec. 6651(a)
Sec. 6653(a)
Petitioner
Year
Deficiency
[2] I.R.C. 1954 I.R.C.
1954
K. Kenneth Westcott
and Judith E.
Westcott
1975
$1,044.00
Judith E. Westcott
1976
412.00
$102.00
$21.00
K. Kenneth Westcott
1976
1,547.00
277.00
77.00
The only issue to be decided is whether this Court has jurisdiction over this case. The petitioners, K. Kenneth Westcott and Judith E. Westcott, husband and wife, maintained their legal residence in Colorado Springs, Colo., when they filed their petitions in this case. They timely filed a joint Federal income tax return for 1975 with the Internal Revenue Service. They also filed with the IRS a joint Form 1040 for 1976, but on the form, they disclosed no information concerning their income or deductions. In his notice of deficiency for 1975, the Commissioner determined that the petitioners were not entitled to several deductions *441 claimed by them on their return for that year. In his notices of deficiency for 1976, the Commissioner computed the incomes which Mr. and Mrs. Westcott each earned during the year, and he determined deficiencies in income taxes based on such incomes. He also determined that the petitioners were liable for additions to tax under section 6651(a) for failing to file timely returns and under section 6653(a) for negligence or intentional disregard of rules and regulations. At the trial, the petitioners filed a motion to dismiss the case for lack of jurisdiction, and as the basis for their motion, they contended that under the Constitution, the Congress was not permitted to vest in this Court the jurisdiction to resolve disputes between the United States and its citizens over Federal taxes. They offered no evidence to refute the deficiencies determined by the Commissioner. The petitioners' contention is frivolous. On the one hand, it is well settled that "a taxpayer may not unilaterally oust the Tax Court from jurisdiction which, once invoked, remains unimpaired until it decides the controversy." Dorl v. Commissioner,57 T.C. 720, 722 (1972), affd. per curiam *442 507 F. 2d 406 (2d Cir. 1974); see also Main-Hammond Land Trust v. Commissioner,17 T.C. 942, 956 (1951), affd. 200 F. 2d 308 (6th Cir. 1952). In Cappellini v. Commissioner,14 B.T.A. 1269 (1929), we faced a similar constitutional attack upon our jurisdiction, and we concluded that the taxpayer, having invoked our jurisdiction, waived the right to interpose the objection that the statute which conferred the jurisdiction was unconstitutional.We reached the same result in Nash Miami Motors, Inc. v. Commissioner,T.C. Memo. 1964-230, affd. on another ground 358 F. 2d 636 (5th Cir. 1966), cert. denied 385 U.S. 918 (1966), and we see no reason to reach a different result here. Moreover, there is no merit whatsoever in the petitioners' argument that this Court's jurisdiction is unconstitutional. In Ex Parte Bakelite Corp.,279 U.S. 438, 451-452 (1929), the Supreme Court held that matters arising out of legislation may be delegated to a legislative court for resolution: Legislative courts also may be created as special tribunals to examine and determine various matters, *443 arising between the government and others, which from their nature do not require judicial determination and yet are susceptible of it. The mode of determining matters of this class is completely within congressional control. Congress may reserve to itself the power to decide, may delegate that power to executive officers, or may commit it to judicial tribunals. Conspicuous among such matters are claims against the United States. These may arise in many ways and may be for money, lands or other things. They all admit of legislative or executive determination, and yet from their nature are susceptible of determination by courts; but no court can have cognizance of them except as Congress makes specific provision therefor. Nor do claimants have any right to sue on them unless Congress consents; and Congress may attach to its consent such conditions as it deems proper, even to requiring that the suits be brought in a legislative court specially created to consider them. [Footnotes omitted.] In Burns, Stix Friedman & Co. v. Commissioner,57 T.C. 392 (1971), this Court considered Ex Parte Bakelite and Glidden Co. v. Zdanok,370 U.S. 530 (1962), *444 and held that our exercise of the jurisdiction conferred upon us by the Tax Reform Act of 1969 and by prior law does not violate the U.S. Constitution. The Fifth Circuit, in its opinion in Nash Miami Motors, Inc. v. Commissioner,supra, relied on Ex Parte Bakelite and reached the same result. See also Martin v. Commissioner,358 F. 2d 63 (7th Cir. 1966), cert. denied 385 U.S. 920 (1966). Accordingly, the petitioners' motion to dismiss will be denied. The petitioners have the burden of proving the deficiencies determined by the Commissioner to be incorrect. Rule 142(a), Tax Court Rules of Practice and Procedure; Welch v. Helvering,290 U.S. 111 (1933). They also have the burden of proving that the additions to tax determined by him were improperly imposed. Enoch v. Commissioner,57 T.C. 781 (1972); Reaver v. Commissioner,42 T.C. 72 (1964). At trial, the petitioners produced no evidence to refute the determinations of the Commissioner. For that reason, we sustain such determinations. Decisions will be entered for the respondent. Footnotes
1. Cases of the following petitioners are consolidated herewith: Judith E. Westcott, docket No. 13675-78; K. Kenneth Westcott, docket No. 13730-78.↩
2. All statutory references are to the Internal Revenue Code of 1954 as in effect during the years in issue.↩