HAROLD A. HOBSON, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hobson v. Comm'r
Docket No. 338-88
United States Tax Court
T.C. Memo 1990-24; 1990 Tax Ct. Memo LEXIS 24; 58 T.C.M. (CCH) 1203; T.C.M. (RIA) 90024; January 16, 1990
Harold A. Hobson, pro se. Willie Fortenberry, Jr., for the respondent. PARR
MEMORANDUM OPINION PARR, Judge: This matter is before the Court on respondent's oral motion to dismiss for lack of prosecution. *25 Respondent determined deficiencies in petitioner's Federal income tax and additions to tax for the years and in the amounts set forth below: Additions to Tax
Year
Deficiency
Sec. 6653(b) [1]
1975
$ 3,491.00
$ 1,745.00
1976
6,975.00
3,488.00
1977
7,139.00
3,570.00
1978
7,952.00
3,976.00
1979
10,096.00
5,048.00
1980
17,462.00
8,731.00
In addition, respondent requests damages under section 6673. The issues are: 1. Whether petitioner failed to report taxable income in the amounts of $ 10,679, $ 19,516, $ 21,154.72, $ 22,627.00, $ 26,740.00, and $ 40,232.00 for each of the taxable years 1975, 1976, 1977, 1978, 1979 and 1980, respectively. 2. Whether petitioner is liable for additions to the tax for each of the taxable years 1975 through 1980 for civil fraud. 3. Whether petitioner is liable for damages for instituting or maintaining proceedings before this Court primarily for delay or for maintaining a position in these proceedings which is frivolous or *26 groundless. For the reasons stated below, we find for respondent on all these issues. At the time petitioner filed his petition in this case, he resided in Maitland, Fla. Petitioner alleged in his petition that he was denied equal protection because he did not receive a 30-day letter and never received an audit conference or an appeals hearing. He alleged, therefore, that the notice of deficiency was issued prematurely and violated respondent's own procedures. None of these allegations is sufficient to state a claim upon which a decision for petitioner could be rendered. He further alleged that he had never received a record of assessment or a notice or a demand for any unpaid taxes. Since no assessment can be made while this matter is pending in this Court, section 6213(a), this too is a meritless argument. Moreover, petitioner demanded a jury trial, for which no provision is made under the rules of this Court. There is no Constitutional right to a jury trial in the Tax Court. See Rowlee v. Commissioner, 80 T.C. 1111 (1983) and cases cited therein. In numerous subsequent filings with the Court, petitioner continued to rely on the frivolous grounds set *27 out in his petition, and continually failed and refused to address any of the substantive issues raised in the notice of deficiency. This case was called for trial at Tampa, Florida, on October 30, 1989, but neither petitioner nor anyone on his behalf appeared at the trial. However, just before the trial session began, petitioner hand delivered a document to the Court entitled "Notice and Demand -- To Void, Revoke and Rescind Signature." In this document petitioner again asserted that, since no assessment was made against him, the statutory notice was null and void. He also stated that rescinding his signature "is the only way to cancel the benefits of Tax Court." A similar request was considered by this Court in the case of Dorl v. Commissioner, 57 T.C. 720 (1972), affd. 507 F.2d 406 (2d Cir. 1974). In Dorl the taxpayer filed a petition in the Tax Court and subsequently filed a Motion for Removal of Case to U.S. District Court. We said: It is now a settled principle that a taxpayer may not unilaterally oust the Tax Court from jurisdiction, which once invoked, remains unimpaired until it decides the controversy. Dorl v. Commissioner, supra at 722. *28 See also Bowser v. Commissioner, T.C. Memo. 1980-483; Johnson v. Commissioner, T.C. Memo. 1978-32. Further, section 7459(d) states that "if a petition for redetermination of a deficiency has been filed by the taxpayer, a decision of the Tax Court dismissing the proceeding shall be considered as its decision that the deficiency is the amount determined by the Secretary." Petitioner did not seek a continuance or ask the Court's permission for his failure to appear. That he could have done so is evident by the fact that he was able to file his "revocation" on the day of trial. Moreover, petitioner was fully advised of the consequences of his failure to appear. On May 31, 1989, the Court served the parties with a Notice Setting Case for Trial on October 31, 1989. The notice states in bold print: YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU. The same notice also warns the parties of the necessity for pretrial disclosure and cooperation and states, again in bold print: YOUR FAILURE TO COOPERATE MAY ALSO RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU. Our rules provide that *29 the unexcused absence of a party or his counsel when a case is called for trial will not be ground for delay. The case may be dismissed for failure properly to prosecute, or the trial may proceed and the case be regarded as submitted on the part of the absent party or parties. Rule 149(a). Dismissal in this case is fully warranted, not only because of petitioner's deliberate failure to appear, but also because of his refusal to cooperate, as ordered in our standing pretrial order, by refusing to answer respondent's interrogatories and failing to produce documents requested by respondent. Moreover, with regard to the tax deficiencies, petitioner has the burden of proof. Rule 142(a). Since petitioner failed to appear at trial or to participate in any meaningful way in the resolution of this case, respondent's motion to dismiss is granted as to the tax deficiencies. Freedson v. Commissioner67 T.C. 931 (1977), affd. 565 F.2d 954 (5th Cir. 1978); Rule 149(b). With regard to the additions to tax for fraud under section 6653(b), respondent has the burden of proof. Section 7454(a); Rule 142(b). Respondent submits that his request for admission served *30 upon petitioner, deemed admitted because of petitioner's failure to respond thereto, establishes the facts necessary to satisfy respondent's burden of proof with respect to the additions to tax under section 6653(b). See Rule 90(c). We agree. The relevant facts established by the deemed admissions are as follows: Petitioner is a college graduate with a B.S. in Economics. During the years in issue petitioner became licensed by the State of Florida to sell insurance and annuities, representing several companies. He also worked as a part-time teacher at Valencia Community College and Orange County public schools. In 1978 he taught a course at the college entitled "Managing Taxes." Petitioner filed Federal income tax returns in 1972, 1973, and 1974 which establish that he knew he had a duty to file. From 1975 through 1979 he submitted Forms 1040, but did not report income, objecting on "Constitutional" grounds for these periods. Petitioner did not file a Form 1040 for 1980. Petitioner did not file any Federal income tax returns for each of the taxable years 1975 through 1980 as required by the Internal Revenue Code of 1954 and the Income Tax Regulations promulgated thereunder. *31 Petitioner failed to report taxable income received for the years 1975 and 1976 in the amounts of $ 16,068.45 and $ 24,608.98, respectively. He failed to report taxable income in the amounts of $ 24,593.33, $ 24,319.70, $ 29,285.14, and $ 42,528.72 for taxable years 1977, 1978, 1979, and 1980, respectively. Petitioner failed to report his tax liability for taxable years 1975, 1976, 1977, 1978, 1979, and 1980 in the amounts of $ 3,491.00, $ 6,975.00, $ 7,139.00, $ 7,952.00, $ 10,096.00, and $ 17,462.00, respectively. On May 28, 1985, petitioner was found guilty of willful failure to file Federal income tax returns in violation of I.R.C. section 7203 for each of the taxable years 1977, 1978, 1979, and 1980, In the Matter of United States of America v. Harold A. Hobson, Jr., Criminal Reference No. 18-85-11-CR-ORL-18, U.S.D.C., Middle District of Florida, Orlando Division. During the years in issue petitioner received Forms 1099 or W-2 from each employer or entity for which he had worked. He was therefore put on notice of the income earned during 1977 through 1980. Moreover, petitioner tried to hide his income through another entity. On August 19, 1976, petitioner *32 was granted a corporate charter in the name of Church of the Everlasting Return, Inc., listing petitioner as pastor, trustee, and registered agent and his wife Joan Esther Hobson as a trustee at the home address. The corporate charter was involuntarily dissolved by the State of Florida on December 8, 1980. Petitioner attempted to have his residence exempted from Orange County property taxes after he purportedly deeded the home to the church; however, after lengthy correspondence, the Orange County Appraisers Office denied the exemption. Petitioner and his wife opened a bank account at Combank/Winter Park, Account No. X-XX-X136-5 in the name of the church, on which they had sole signature authority. They also had bank accounts in their own names. Respondent's agent made an analysis of the deposits in the church account for 1976 and in petitioners' personal checking account for 1975 and 1976. He also analyzed deposits into checking account no. XXX5437 in the names of H. A. Hobson, Jr. and Associates at Combank/Winter Park during 1975 and 1976. Based upon the deemed admissions, we accept respondent's findings of unreported income as true and correct. The above factors amply *33 demonstrate petitioner's willful intent to evade the payment of Federal income taxes for the years in issue. Respondent has satisfied his burden with respect to additions to tax under section 6653(b) for each of the years in issue. With regard to respondent's motion for damages under section 6673, we note petitioner's failure to appear at the trial, his refusal to cooperate with respondent's discovery requests and with the orders of this Court, and his persistence in asserting that, inasmuch as he had not been "assessed," the Court had no jurisdiction. While we are normally reluctant to impose section 6673 damages in fraud cases, the record in this case establishes that petitioner has had no good-faith interest in disputing either the tax deficiencies or the additions to tax determined by respondent. The positions set forth by petitioner are without merit. We find that petitioner's primary purpose in instituting and maintaining this proceeding was for delay. For the reasons set forth above, we award damages to the United States against petitioner in the amount of $ 5,000.00. An appropriate order will be entered. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩