PAULINE CARROLL, F.K.A. PAULINE M. SMEBY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Carroll v. Commissioner
Docket No. 19566-92
United States Tax Court
T.C. Memo 1994-18; 1994 Tax Ct. Memo LEXIS 18; 67 T.C.M. (CCH) 1971; January 13, 1994, Filed *18 Decision will be entered for respondent. Pauline Carroll, pro se. For respondent, Michael A. Urbanos DINAN
DINAN
MEMORANDUM OPINION DINAN, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined deficiencies in petitioner's Federal income tax and additions to tax as follows: Additions to Tax Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)(1)
Sec. 6654(a)
1988
$ 3,482
$ 659.25
$ 174.10
$ 162.45
1989
3,629
693.00
--
180.92
The issues for decision are: (1) Whether petitioner received unreported income in each of the years in issue; (2) whether petitioner is liable for the section 6651(a) addition to tax for failure to file a Federal income tax return for each of the years in issue; (3) whether petitioner is liable for the section *19 6653(a)(1) addition to tax for negligence for the year 1988; and (4) whether petitioner is liable for the section 6654(a) addition to tax for each of the years in issue for failure to pay estimated taxes. Some of the facts have been stipulated. The stipulations of fact and attached exhibits are incorporated herein by this reference. Petitioner resided in Osseo, Minnesota, on the date the petition was filed in this case. The first issue for decision is whether petitioner earned unreported income in each of the years in issue. Respondent determined that petitioner earned wage income in the amounts of $ 25,652 and $ 26,668 during 1988 and 1989, respectively. At trial, petitioner conceded that she received the wages in the amounts determined by respondent. However, at trial and later in a brief filed with the Court, petitioner rehashed a plethora of tired and worn tax-protester arguments that have long since been discarded. Petitioner alleges inter alia, that she is not a person liable for Federal income tax, that she is not a taxpayer within the intendment of the Internal Revenue Code, and that respondent had not met the requirements of the Paperwork Reduction Act of 1980 or *20 the Administrative Procedures Act before issuing the notices of deficiency in this case. There is no merit to these arguments or any of the other arguments offered by petitioner, and they are not deserving of further comment. ; ; . Respondent's determination in the notice of deficiency is presumed to be correct. Rule 142(a); . Petitioner asserts no valid basis to dispute respondent's determinations of unreported income in the years in issue, and they are sustained. The second issue for decision is whether petitioner is liable for the section 6651(a)(1) additions to tax for the years in issue. Section 6651(a)(1) imposes an addition to tax for failure to timely file a return, unless the taxpayer establishes: (1) The failure did not result from "willful neglect"; and (2) the failure was "due to reasonable cause". . *21 Respondent's determination is presumed to be correct. Rule 142(a). Petitioner has not addressed herself to this issue. Therefore, we find petitioner liable for the section 6651(a)(1) additions to tax. The third issue for decision is whether petitioner is liable for the section 6653(a)(1) addition to tax for the year 1988. Section 6653(a)(1) imposes an addition to tax equal to 5 percent of the underpayment if any part of the underpayment is due to negligence or intentional disregard of the rules or regulations. Negligence is defined as a lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. . Respondent's determination of negligence is presumed to be correct, and petitioner bears the burden of proving that the addition does not apply. Rule 142(a). Petitioner has not addressed herself to this issue. Accordingly, we find that petitioner is liable for the section 6653(a)(1) addition to tax. The last issue for decision is whether petitioner is liable for the section 6654(a) additions to tax for the years in issue. Section 6654(a) imposes *22 an addition to tax where payment of the tax either through withholding or by making quarterly payments during the course of the year do not equal the percentage of total liability required by the statute. Sec. 6654(a). The addition to tax is mandatory unless the taxpayer can establish that one of several exceptions apply. Sec. 6654(e); , affd. in part and revd. in part . Petitioner has not shown that any of the exceptions apply. Therefore, respondent's determination is sustained. Decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code in effect for the taxable years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩