T.C. Memo. 1996-309


UNITED STATES TAX COURT



JEFFREY PAUL SCHMIDT, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 19264-94.                    Filed July 9, 1996.



Jeffrey Paul Schmidt, pro se.

<u>Lavonne D. Lawson</u>, for respondent.



MEMORANDUM FINDINGS OF FACT AND OPINION


PARR, <u>Judge</u>:  Respondent determined deficiencies in and
additions to petitioner's Federal income taxes for taxable years
1989, 1990, and 1991, as follows:

|  |  | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a) | Sec. 6654(a) |
| 1989 | $58,895 | $13,646 | $3,658 |
| 1990 | 12,258 | 2,041 | 508 |

1991          13,391               3,192                     728

After concessions, the issues for decision are:[1] (1) Whether petitioner's motion to dismiss for lack of jurisdiction should be granted. We hold that it should not. (2) Whether petitioner received unreported income for taxable years 1989, 1990, and 1991. We hold that he did. (3) Whether petitioner is liable for section 6651(a) additions to tax for failure to file a Federal income tax return for each of the years in issue.[2] We hold that he is. (4) Whether petitioner is liable for section 6654(a) additions to tax for failure to pay estimated taxes for each of the years in issue. We hold that he is.

We find the following facts based upon the pleadings of this case and the deemed admissions contained in respondent's request for admissions.

FINDINGS OF FACT

At the time the petition was filed, petitioner resided in Santa Clara, California.

The case was set for trial on December 4, 1995. Petitioner was served with the Court's Standing Pre-Trial Order on June 29,

---

[1]    At trial, respondent conceded that petitioner's deficiency for 1989 is $18,609, reduced from the original amount of $58,895. Correspondingly, for 1989, the addition to tax pursuant to sec. 6651(a) is $3,574, and the addition to tax pursuant to sec. 6654(a) is $394. These concessions will be given effect under Rule 155.

[2]    All section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

1995, advising the parties to begin discussion as soon as practicable for purposes of settlement and/or preparation of a stipulation of facts. No stipulations of fact were signed in this case, and, consequently, respondent filed a request for admissions pursuant to Rule 90 on September 18, 1995.[3]

The request advised petitioner that, pursuant to Rule 90, he had 30 days to respond to the request; petitioner failed to make a timely response. Thus, pursuant to Rule 90, all undenied allegations were deemed admitted.[4] However, at trial, the Court permitted petitioner to take issue with those admissions relating to petitioner's failure to file Federal income tax returns for 1989, 1990, and 1991.

In 1989, petitioner worked as an independent contractor for Applied Materials, Inc. From this activity, petitioner received

---

[3]    Respondent simultaneously filed a request for production of documents pursuant to Rule 72. When petitioner failed to produce any documents requested, respondent filed a motion to compel. The Court subsequently issued an order directing compliance with respondent's request. Petitioner, claiming that this Court lacks jurisdiction, again failed to produce any documents, thus frustrating compliance with Rule 91. Respondent then sought sanctions against petitioner precluding petitioner from offering any evidence, including testimony, with regard to those issues addressed in respondent's request for production of documents. The Court subsequently issued an order precluding petitioner from offering at trial any exhibits not previously exchanged with respondent.

[4]    Under Rule 90(c), each matter in a request for admissions is deemed admitted unless, within 30 days after service (or within such shorter or longer time as the Court may allow), the party to whom the request is directed admits or denies the matter, or objects, stating the reasons for the objection. See Freedson v. Commissioner, 65 T.C. 333 (1975), affd. on another issue 565 F.2d 954 (5th Cir. 1978).

$17,000 in nonemployee compensation. Also in 1989, petitioner worked as an employee for Applied Materials, Inc. From this employment, petitioner received wages in the amount of $34,134. Petitioner also received wages in 1989 from Century Life of America in the amount of $49, a refund from the Franchise Tax Board of $17, and interest income of $1,131.

Petitioner sold his personal residence in 1989 for $145,000 and realized gain on that sale in the amount of $14,973.83. Thereafter, petitioner did not purchase a principal residence within 2 years of the above-referenced sale of his personal residence.

In 1990, petitioner again worked as an employee for Applied Materials, Inc. From this employment, petitioner received wages of $52,159. Petitioner also received interest income in the 1990 tax year in the amount of $1,110, and deferred compensation of $2,437.

In 1991, the last year in issue, petitioner again worked as an employee for Applied Materials, Inc. From this employment, petitioner received wages of $59,266, and interest income of $34.

On December 4, 1995, the date of trial, petitioner filed what he called an "entry of jurisdictional challenge, declaration and affidavit." The document was filed as petitioner's motion to dismiss for lack of jurisdiction. In support of his motion, petitioner asserted lengthy tax protester rhetoric challenging the jurisdiction of the Tax Court and the Constitutional

authority of the United States to tax his income.  At trial, we reserved our right to rule on that motion at a later time; we proceeded under the assumption that this Court has jurisdiction.

OPINION

Issue 1.  Motion to Dismiss for Lack of Jurisdiction

Petitioner asserts that this Court lacks jurisdiction to hear his case.  Respondent asserts that petitioner's arguments are standard tax protester rhetoric and have long since been rejected by this Court.

It suffices to say that petitioner chose this forum in which to litigate his tax dispute.  The Court acquired jurisdiction in this case after a valid notice of deficiency was sent to petitioner, and he in turn filed a timely petition.  Secs. 6212(a) and (b), 6213(a); Minovich v. Commissioner, T.C. Memo. 1994-39.  Once the Court's jurisdiction is invoked, it remains unimpaired until we decide the controversy.  Dorl v. Commissioner, 57 T.C. 720, 722 (1972), affd. per curiam without opinion 507 F.2d 406 (2d Cir. 1974).  Accordingly, petitioner's motion to dismiss for lack of jurisdiction is denied.

Issue 2.  Unreported Income

Respondent determined deficiencies in petitioner's gross income for the years at issue.  Petitioner asserts that he is a nonresident alien "without" the taxing authority of the United States.  Respondent asserts that petitioner is liable for tax on

his taxable income, including gain realized on the sale of a capital asset.

In general, the determinations made by the Commissioner in a notice of deficiency are presumed to be correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); INDOPCO Inc., v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933).

There is no merit to petitioner's allegations that he is not subject to Federal income taxes or to any other arguments offered by petitioner. See, e.g., Rowlee v. Commissioner, 80 T.C. 1111 (1983); Carroll v. Commissioner, T.C. Memo. 1994-18; McDougall v. Commissioner, T.C. Memo. 1992-683, affd. per curiam without published opinion 15 F.3d 1087 (9th Cir. 1993). We see no need to catalog and painstakingly address petitioner's contentions, constitutional or otherwise. As the Court of Appeals for the Fifth Circuit remarked, "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984).

The general rule of section 61(a) is that, except as otherwise provided by law, gross income includes income from whatever source derived, including, inter alia: (1) compensation for services, section 61(a)(1); (2) gains derived from dealings

in property, section 61(a)(3); and (3) interest income, section 61(a)(4).

The deemed admissions pursuant to Rule 90 establish that petitioner received income for tax years 1989, 1990, and 1991. Accordingly, we uphold respondent's deficiency determinations for the taxable years in issue, as follows:  (1) $18,609 for 1989; (2) $12,258 for 1990; and (3) $13,391 for 1991.

Issue 3.  Sec. 6651(a) Failure To File

Respondent determined that the addition to tax for failure to timely file a tax return was applicable for each of the years at issue.  Petitioner asserts that he is a nonresident alien and therefore not required to file.

An income tax return must be filed by all individuals receiving gross income in excess of certain minimum amounts. Sec. 6012; sec. 1.6012-1(a), Income Tax Regs.  For 1989, 1990, and 1991, petitioner's gross income, as defined in section 61(a), was well in excess of the minimums in section 6012.  Therefore, petitioner was required to file Federal income tax returns for 1989, 1990, and 1991.  Secs. 6011, 6012(a)(1)(A), 7701(a)(1); sec. 1.6012-1, Income Tax Regs.  That is, petitioner was required to file returns and pay the tax imposed on every person filing such returns, in accordance with section 1.

Section 6651(a) imposes an addition to tax for failure to timely file a return, unless the taxpayer establishes: (1) the failure did not result from willful neglect; and (2) the failure

was due to reasonable cause. <u>United States v. Boyle</u>, 469 U.S. 241, 245-246 (1985). Petitioner bears the burden of proof on this issue. Rule 142(a); <u>Baldwin v. Commissioner</u>, 84 T.C. 859, 870 (1985). Petitioner failed to prove reasonable cause for his failure to file. Accordingly, the addition to tax for failure to file returns under section 6651(a) is sustained.

<u>Issue 4. Sec. 6654(a) Failure To Pay Estimated Tax</u>

Respondent determined that petitioner was liable for the addition to tax under section 6654(a) for failure to pay an estimated tax for 1989, 1990, and 1991. Where payments of tax, either through withholding or by making estimated quarterly tax payments during the course of the year, do not equal the percentage of total liability required under the statute, imposition of the addition to tax under section 6654(a) is automatic, unless petitioner shows that one of the statutory exceptions applies. <u>Niedringhaus v. Commissioner</u>, 99 T.C. 202, 222 (1992); <u>Grosshandler v. Commissioner</u>, 75 T.C. 1, 20-21 (1980). Petitioner bears the burden of proving qualification for such exception. <u>Habersham-Bey v. Commissioner</u>, 78 T.C. 304, 319-320 (1982). Petitioner has not met this burden. We therefore sustain respondent on this issue.

To reflect the foregoing,

<u>An appropriate order will</u>
<u>be issued, and decision will</u>
<u>be entered under Rule 155</u>.